IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:18CR142 |
| Plaintiff, | : | Judge Walter H. Rice |
| v. | : | |
| AARON JOHNSON, | : | |
| Defendant. | : | |

## PRELIMINARY ORDER OF FORFEITURE

Upon the United States' Motion for Preliminary Order of Forfeiture and the Court's review of the evidence in the record, including the Plea Agreement, the Court HEREBY FINDS THAT:

On February 11, 2019, the United States charged defendant AARON JOHNSON in a one-count Information with Conspiracy to Produce, Use, or Traffic in Counterfeit Access Devices, in violation of 18 U.S.C. § 1029(a)(1) and (b)(2) and (c)(1)(A)(i). Pursuant to Fed. R. Crim. P. 32.2(a), a forfeiture allegation in the Information contained notice to the Defendant that the United States would seek the forfeiture of items seized by law enforcement on or about September 1, 2018, in Miami County, Ohio.

On March 5, 2019, the Defendant entered into a Plea Agreement with the United States in which the Defendant agreed to plead guilty to Count 1 of the Information and agreed to the immediate forfeiture, pursuant to 18 U.S.C. § 982(a)(2)(B), of any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation charged in the one-count Information, and pursuant to 18 U.S.C. § 1029(c)(1)(C), of any personal property used or intended to be used to the commit the offense, including but not limited to the following (the "subject property"):

- Deftun MSR-X6 card reader/writer/encoder;
- Alcatel phone, Model 5044R, IMEI 015026001718418;
- LG G6 black cellphone seized from the interior of a U-Haul rental van in which the Defendant was a passenger;
- Coolpad cellphone, Model 3632A, IMEI: 862429034347730;
- $200.00 in U.S. Currency;
- Bankcorp Bank "Vanilla" Visa $25.00 gift card, valued at $7.57;
- US Bank "A Gift for You" gift card, valued at $11.75;
- Two Metabank Target $50.00 gift cards;
- Six $50.00 Apple iTunes gift cards;
- Two $25.00 Apple iTunes gift cards; and
- $15.00 Apple iTunes gift card.

The Defendant entered a plea of guilty to Count 1 of the Information on March 5, 2019.

The subject property is forfeitable, pursuant to 18 U.S.C. § 982(a)(1)(B), as property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation set forth in Count 1 and pursuant to 18 U.S.C. § 1029(c)(1)(C) as personal property used or intended to be used to commit the offense in Count 1 of the Information to which the Defendant has pleaded guilty. The Defendant had an interest in the subject property.

The United States has established the requisite nexus between the subject property and the Defendant's offense.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. All right, title, and interest in the subject property is condemned and forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1)(B) and 18 U.S.C. § 1029(c)(1)(C).

2. The United States is authorized to seize the subject property, pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), whether held by the Defendant or a third party; conduct any discovery for identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights.

3. In accordance with the direction provided by the Attorney General and Fed. R.

Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

4. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

5. Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the Defendant, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property.

6. Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

7. The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

8. In accordance with the Plea Agreement, this Preliminary Order of Forfeiture is final

3

as to the Defendant and shall be made part of the sentence and included in the Judgment. This Order remains preliminary as to third parties until the ancillary proceeding is concluded.

9. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED:

Dated: 6-6-19

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE